UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                          Case No.: 1-10-45657-jbr

221-06 Merrick Blvd. Associates LLC,                            Chapter 11

                                    Debtor.
--------------------------------------------------------x


### DECISION AND ORDER ON CREDITOR'S MOTION TO DISMISS OR LIFT THE AUTOMATIC STAY (DOCKET NO. 27) AND DEBTOR'S MOTION TO INCREASE EXCLUSIVITY PERIOD FOR FILING A PLAN OF REORGANIZATION (DOCKET NO. 32)

### BACKGROUND

221-06 Merrick Blvd. Associates LLC (the "Debtor") filed a petition for voluntary relief under Chapter 11 of the Bankruptcy Code. Amalgamated Bank filed a Motion (I) to Dismiss Debtor's Chapter 11 Case as a Bad Faith Filing, or (II) to Vacate the Automatic Stay, to Allow the Bank to Pursue Foreclosure, Including Determination that the Debtor's Case Constitutes A Single Asset Real Estate Case (Docket No. 27) (the "Motion to Dismiss or Lift the Stay"). The Debtor filed Opposition to the Motion to Dismiss or Lift the Stay (Docket No. 31) and a Motion to Authorize/Direct Increase its Exclusive Period for Filing a Plan of Reorganization (Docket No. 32) (the "Motion to Increase Debtor's Period of Exclusivity").

The Court held a non-evidentiary hearing on the Motion to Dismiss or Lift the Stay and requested further information on the adequacy of Debtor's insurance, on Debtor's ability to file a viable plan of reorganization within a reasonable time, and whether funds are available to pay the Debtor's current and ongoing obligations.

1

On November 17, 2010, the Court held an evidentiary hearing on the Motion to Dismiss or Lift the Stay and the Motion to Increase Debtor's Period of Exclusivity.   The Court heard the arguments of both parties, the testimony of Mr. James Cullen and Mr. Myron J. Berman, and has reviewed the evidence submitted by both parties. The following constitute the Court's findings and rulings under Federal Rule of Bankruptcy Procedure 7052.

DISCUSSION

**Motion to Dismiss the Case**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the court may grant the dismissal of a Chapter 11 case upon the movant's establishment of cause.   Section 1112(b)(4) provides a non-exclusive enumeration of factors which constitute "cause." Substantial or continuing loss to or diminution of the estate and the absence of a real likelihood of rehabilitation may constitute cause to dismiss a case.   See 11 U.S.C. § 1112(b)(4)(A).   Failure to maintain appropriate insurance that poses a risk to the estate or to the public may also be sufficient cause to dismiss a case.   The Second Circuit has found that another indicia of cause for dismissal under Section 1112(b) is that the debtor filed the case in bad faith or that the case demonstrates attributes of bad faith.   In re CTC 9th Ave. P'ship v. Norton Co., 113 F. 3d. 1304, 1310 (2d Cir. 1997).   The Court, citing Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp., 139 B.R. 828, 830 (W.D.Ky. 1992) outlined the following factors as indicative of a bad faith filing that would give rise to cause for dismissal:

> (1) the debtor has only one asset;
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;

2

(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
(6) the debtor has little or no cash flow;
(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
(8) the debtor has no employees.

In re CTC 9th Ave. P'ship, 113 F. 3d. at 1311.

Amalgamated Bank seeks to dismiss the Debtor's case for cause under Section 1112(b)(4) for the substantial or continuing loss to or diminution of the estate and the absence of a real likelihood of rehabilitation, and for failure to maintain appropriate insurance that poses a risk to the estate or to the public.   At the hearing, the parties informed the Court that proof of adequate insurance had been provided to Amalgamated Bank, therefore, the insurance issue is moot.

The Court does not find that there is a substantial or continuing loss to or diminution of the estate coupled with the absence of a real likelihood of rehabilitation to warrant dismissal of the Debtor's case.   In order for cause to exist **both** elements must be established. See In re 1031 Tax Group, LLC, 374 B.R. 78, 98 (Bankr. S.D.N.Y. 2007).   The movant must prove not only that there is a continuing loss to the estate, but also must prove an absence of a reasonable likelihood of rehabilitation.   See In re AdBrite Corp., 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). The Court acknowledges that the Debtor is operating at a continuing loss at this time, which loss is presently being absorbed by the Debtor's owner. The Debtor is a limited liability company that owns real property located at 221-05/221-26 Merrick Boulevard and 134-11 221st Street, Spring Gardens, N.Y. (the "Property") which is a commercial manufacturing warehouse facility. As of March 2010 the Property lost its tenant and currently the Debtor cannot meet its expenses without

3

the contributions of capital by its principal.   Based on the documents provided and testimony of

the Debtor's principal, the Court believes that there is a reasonable likelihood of rehabilitation.

The rehabilitation standard under Section 1112(b)(4) is not whether the debtor can confirm a plan,

but whether the debtor can be "…put back in good condition and reestablish on a sound basis."   In

re Ad Brite Corp., 290 B.R. at 216 (Bankr. S.D.N.Y. 2003) (citing In re Lizeric Realty Corp., 188

B.R. 499, 503 (Bankr. S.D.N.Y. 1995); In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988)).

Rehabilitation is the restoration of a business' viability and depends on whether the debtor can

formulate within a reasonable amount of time a reasonably detailed business plan.   See Loop

Corp. v. United States, 379 F.3d 511, 515-516 (8th Cir. 2004).   Compare In re BH S & B

Holdings, LLC, 2010 WL 4644440, 5 (Bankr. S.D.N.Y. 2010) (finding that debtors' intention to

liquidate established that there was no likelihood of rehabilitation); In re 3868-70 White Plains

Rd., 28 B.R. 515, 518-19 (Bankr. S.D.N.Y. 1983) (dismissing chapter 11 petition on the ground

that reorganization was impossible because the debtor's assets were fully collateralized, there was

a continuing negative cash flow, and there was no possibility for an infusion of third party funds).

Here, the Debtor has opened a flea market on the Property and is in negotiations with two national

companies to lease the Property.   Based on the testimony of Myron J. Berman, principal of the

Debtor, the Court finds that the letters of intent are legitimate proposals that may lead to a

successful rehabilitation of the Debtor's business and that at least one of the proposals may be

finalized by January 2011.   In addition, the Debtor's principal has also obtained a line of credit in

the amount of $400,000.00 to fund the Debtor for the next several months.   Although the line of

credit will only cover the expenses of the estate for a limited period of time, it demonstrates to the

Court the principal of the Debtor's commitment to the reorganization effort.   For these reasons,

the Court finds that the Debtor has a sufficiently reasonable likelihood of rehabilitation to justify the continuation of the reorganization effort; therefore cause does not exist to dismiss the case under Section 1112(b)(4)(A) at this time.

Amalgamated Bank also seeks to dismiss the Debtor's case for cause under Section 1112(b)(4) based on the Debtor's alleged bad faith filing.   Many of the bad faith factors outlined by the Second Circuit apply to the Debtor: the Debtor is a single asset real estate case; the case is largely a two party dispute between Debtor and Amalgamated Bank; the Debtor has few unsecured creditors claiming small amounts; the Debtor cannot meet its current expenses without the contributions of capital by its principal; and the Debtor has no employees. However, a determination of bad faith is subjective and courts caution that a mechanical application of the factors "…would automatically doom almost every single asset case, ab inito."   In re Willows of Coventry Ltd. P'ship, 154 B.R. 959, 967 (Bankr. N.D.Ind. 1993).   " 'The existence of 'bad faith' depends not on any one specific factor but on a combination of factors determined after careful examination of the facts of the particular debtor's case.' "   In re 68 West 127 Street, LLC, 285 B.R. 838, 844 (Bankr. S.D.N.Y. 2002) (citing In re Shar, 253 B.R. 621, 629 (Bankr. D.N.J. 1999). The presence of the specific single asset real estate provisions found in 11 U.S.C. § 362 suggests that single asset cases are not *per se* filed in bad faith.   A determination of bad faith consists of there being "…no reasonable likelihood that the debtor intended to reorganize…" at the time of filing, "…and no reasonable probability that it would eventually emerge from bankruptcy proceedings."   In re Cohoes Indust. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991).   "Where a debtor is motivated by plausible, legitimate reorganization (or liquidation) purposes and not solely or predominantly by the mere desire to prevent foreclosure or hinder creditors, bad faith is not

present in a chapter 11 case." <u>In re 68 West</u>, 285 B.R. at 838 (citing <u>In re Clinton Centrifuge, Inc.</u>, 72 B.R. 900,905 (Bankr. E.D.Pa. 1987)).

  Based on the circumstances of this case, the Court does not find bad faith in the Debtor's filing of its Chapter 11 case. The Debtor was not in foreclosure at the time of the filing. The Debtor sought a temporary loan modification from Amalgamated Bank prior to filing for relief, but apparently because of Amalgamated Bank's financial situation, it was unable to accommodate the request. The Debtor did not file for relief to frustrate Amalgamated Bank but to obtain time to reorganize and has since made progress towards reorganization by negotiating with potential commercial tenants. The Court believes that the Debtor intended to reorganize at the time of filing and does not find bad faith on the part of the Debtor to warrant dismissal.

**<u>Motion to Lift Stay</u>**

  Amalgamated Bank also seeks, as an alternative to a dismissal, relief from the automatic stay pursuant to Section 362(d)(1) for cause and for lack of adequate protection.

  The Court declines to provide Amalgamated Bank relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause. It is well established that a debtor's bad faith constitutes cause for relief from the automatic stay under Section 362(d)(1). <u>See</u> <u>In re AMC Realty Corp.</u>, 270 B.R. 132, 140-41 (Bankr. S.D.N.Y. 2001); <u>In re CTC 9th Ave. P'ship v. Norton Co.</u>, 113 F. 3d. 1304 (2d Cir. 1997); <u>In re 234-6 West 22nd St. Corp.</u>, 214 B.R. 751 (Bankr. S.D.N.Y. 1997). However, the factors for the Court to consider when determining bad faith as cause to terminate the automatic stay under Section 362(d)(1) are the same as the factors used by the Court to determine cause for dismissal of a case under Section 1112(b). <u>See</u> <u>In re AMC.</u>, 270 B.R. at 141. Therefore, for the

reasons stated above, the Court believes that the Debtor intended to reorganize at the time of filing and does not find bad faith on the part of the Debtor.

Based on the testimony at the evidentiary hearing, the Court finds that there are funds available to the Debtor to pay current and ongoing obligations through the first quarter of 2011. Therefore, the Court declines to provide relief from the automatic stay under 11 U.S.C. § 362(d)(1) for lack of adequate protection at this time.

**Motion to Increase Debtor's Period of Exclusivity**

Also before the Court is the Motion to Increase Debtor's Period of Exclusivity (Docket No. 32).   Pursuant to 11 U.S.C. §1121(b) only a debtor may file a plan until after 120 days from the order for relief (the "exclusivity period").   Upon request of a party in interest, made within the 120 period, the Court may increase the Debtor's exclusivity period to file a plan for cause.   11 U.S.C. §1121(d)(1).   Courts have applied several factors in determining whether to extend the exclusivity period for cause:

> (a) the size and complexity of the case;
> (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
> (c) the existence of good faith progress toward reorganization;
> (d) the fact that the debtor is paying its bills as they become due;
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
> (f) whether the debtor has made progress in negotiations with its creditors;
> (g) the amount of time which has elapsed in the case;
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
> (i) whether an unresolved contingency exists.

In re Adelphia Communications Corp.    352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (internal citations omitted).

Based on the documents and testimony, the Court believes that the Debtor is making good faith progress towards reorganization.    The Debtor has opened a flea market on the property and is in negotiations with two national companies to lease the Property.    The Court believes that the potential leases are reasonable prospects and recognizes the necessity of time that goes into the negotiation of a commercial lease. The Court is also satisfied that the Debtor is paying expenses based on the credit line provided by the Debtor's principal from Ate Kayes Company.    For these reasons, the Court orders that the Debtor's exclusivity period is extended for cause to and including **January 28, 2011**, subject to further extensions.

## CONCLUSION

For the reasons set forth above, the Court finds that Amalgamated Bank has failed to establish cause to warrant the dismissal of the Debtor's case under 11 U.S.C. §1112(b) or termination of the automatic stay for cause under 11 U.S.C. §362(d)(1).    The movant's request for dismissal of the Debtor's case is denied, and the portion of the Motion to Dismiss or Lift Stay (Docket No. 27) that seeks relief from the automatic stay for lack of adequate protection is hereby carried until a hearing before the Honorable Joel B. Rosenthal, U.S. Bankruptcy Judge, on the **20th day of January, 2011 at 11:00 a.m.** in Courtroom 3577, U.S. Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201, where all parties may address the Debtor's continued ability to file a feasible plan of reorganization within a reasonable time and whether sufficient funds are available to the Debtor to pay current and ongoing obligations through Confirmation and until the Property can support the Debtor's cash flow requirements.

The Court also finds that cause exists under 11 U.S.C. §1121(b) to extend the Debtor's exclusivity period.   The Motion to Increase Debtor's Period of Exclusivity (Docket No. 32) is granted and the Debtor's exclusive time to file a plan of reorganization is increased to and including January 28, 2011, subjective to further extension.   In accordance with Section 1121(d) of the Bankruptcy Code, the time to confirm a plan of reorganization under 11 U.S.C. Section 1121(c)(3) is extended through and including March 28, 2011.

IT IS SO ORDERED.



Dated: December 3, 2010
        Brooklyn, New York

_____
        Joel B. Rosenthal
United States Bankruptcy Judge